# Ruth Banker v. Anna A. Dodge and Shirley V. Hemmings

[ 237 A.2d 121 ]

October Term, 1967

Present: Holden, C.J., Shangraw, Barney, Smith and Keyser, JJ.

Opinion Filed December 5, 1967

*Otterman & Allen* for the plaintiff.

*Theriault & Joslin* for the defendants.

**Holden, C.J.** The plaintiff seeks recovery for personal injuries which she sustained as a guest passenger in a vehicle operated by the defendant Hemmings. The Hemmings car was overtaken and struck from the rear by an automobile operated by the defendant Dodge. Trial by jury resulted in judgment for the plaintiff in the amount of $7,500. The defendant Dodge appeals. Her claim of error is restricted to the issue of damages.

In support of her claim, the plaintiff introduced two exhibits in evidence which were itemized statements of charges for medical services incurred for treatment of the injuries sustained in the accident. The first was submitted in the name of the plaintiff by the Chelsea Health Center, Inc. The second was submitted in the name of the plaintiff's husband by the Hitchcock Clinic of Hanover, New Hampshire, for medical care and treatment of the plaintiff.

The defendant Dodge objected to both exhibits, stating "that the husband is the only one who has a right to sue for medical and hospital bills and that this is not part of a claim that can be made by the wife * * *." In support of her claim of error in the denial of this objection, the defendant relies on *Trapeni* v. *Walker*, 120 Vt. 510, 144 A.2d 831.

The decision in that case did not involve the question presented here. The *Trapeni* case was concerned with *res adjudicata* and estoppel by judgment. The Court held that the question of a parent's contributory negligence in his action for loss of services and medical expenses of his son was not concluded by the son's recovery for personal injuries in a separate action against the same defendant. In concluding there was no privity between the child's action and that of his parent on the issue of the latter's contributory negligence, the opinion suggests that the principle applies where a husband sues for consequential damage arising from personal injuries to his wife. *Trapeni* v. *Walker, supra*, 120 Vt. at 513 and 517, 144 A.2d 831.

But that is not to say that only the husband has a right to recover for medical expense incident to his wife's injury. Although a husband is presumably responsible for the necessary medical care and treatment rendered to his wife, she may become separately obligated

for this expense. The record indicates that the plaintiff was gainfully employed outside her home and it appears she incurred the expense on her own initiative. In the presence of these circumstances and in the absence of payment by the husband, the wife may recover such expense in her separate action for the injuries which gave rise to the expense. *Verchereau* v. *Jameson,* 122 Vt. 189, 195, 167 A.2d 521; *Town of Walden* v. *Clark,* 50 Vt. 383, 385. See also *Savard* v. *Cody Chevrolet,* 126 Vt. 405, 234 A.2d 656. The defendant's objection was correctly overruled.

The defendant assigns error to the argument of plaintiff's counsel in his summation to the jury. The defendant contends the plaintiff's attorney asked the jury to award what the jurors would want for suffering a like amount of pain. The plaintiff denies that such an argument was made. Her counsel states in his written brief that the defendant's objection was entirely anticipatory and based on an erroneous assumption that his argument would follow this line.

To support this claimed error, the defendant presents the following excerpt of what transpired at the trial:

MR. JOSLIN: If the Court please, we except to this line of argument, this is improper to argue to the jury in this manner, what they would like for suffering a certain amount of pain. We would like an exception on the record.

THE COURT: You may have an exception.

MR. JOSLIN: May we have an exception to this argument, I understand this is all going to be charged out by the Court in its charge.

MR. OTTERMAN: As far as I know Your Honor, there is nothing on the record on the subject.

THE COURT: You may have an exception.

This fragment of the record fails to demonstrate the text of the remark upon which prejudicial error is claimed. The argument, if made, would be improper. And there is no showing that such an argument was, in fact, advanced. However, such a remark, of itself, would not necessarily constitute reversible error. *Duchaine* v. *Ray,* 110 Vt. 313, 322-323, 6 A.2d 28. And we note that the incident was not referred to in the court's instructions. Neither was it mentioned in the defendant's exceptions to the charge.

■ It is a firmly established rule of this Court, that the appealing party has the responsibility of producing a true record, capable of demonstrating that harmful error was committed at the trial in the manner claimed. On timely application, a record may be corrected. But once submitted, its verity is absolute. The risk of deficiency or mistake is with the appellant. Omissions are out of the reach of appellate review. *State* v. *Stone,* 123 Vt. 95, 96, 181 A.2d 840. *Higgins* v. *Metzger,* 101 Vt. 285, 296, 143 A. 394 and cases cited. No error appears.

After the verdict was returned, the defendant presented a motion to set it aside or, in the alternative, to order a remittitur. The motion attacks the damages awarded as grossly excessive and wholly unsupported by any evidence. It further asserts the amount of the verdict indicates it was based on speculation and conjecture, and the product of passion and prejudice.

■ The motion also urged that the jury misconstrued or disregarded the court's instruction. Since this point is not advanced here, it is not subject to review. *Healy* v. *Moore,* 108 Vt. 324, 348, 187 A. 679.

■ Putting this aspect of the motion aside, the ruling sought by the defendant was addressed to the discretion of the trial court. *Woodhouse* v. *Woodhouse,* 99 Vt. 91, 159, 130 A. 758. To warrant interference with the jury's award, where, as here, the plaintiff's damages are not subject to exact computation, the defendant must demonstrate that the verdict was entirely excessive. And the evidence must be examined in the light most favorable to the jury's finding. *Jackson* v. *Rogers,* 120 Vt. 138, 150, 134, A.2d 620; *Shedrick* v. *Lathrop,* 106 Vt. 311, 317, 172 A. 630.

■ The evidence in this regard indicates the plaintiff's injury involved the neck muscles and the lumbar spine, producing pain in the shoulders and neck which extended to the full length of her arm, with symptoms of numbness and loss of strength in her left hand. There was medical testimony that these results were the consequence of the accident and would remain with her for the rest of her life. There was further medical testimony that the plaintiff would be unable to pursue the occupation which she was engaged in at the time of the accident.

Before that event the plaintiff had been employed for over ten years doing housework in Hanover, New Hampshire. At the time

of the accident she worked eight hours a day at an hourly rate of a dollar and a quarter, on a full-time basis. During the twenty-two months from the date of her injury to the time of trial, her earnings in less strenuous work, restricted by her physical condition, totaled $452.99.

The evidence supports a finding of loss of wages to the date of the verdict in the approximate amount of $4,500. The jury was justified in allowing the balance of the award as reasonable compensation for persistent pain and suffering, and the limited medical expense that was incurred up to the time of trial.

On this state of the record, we are not persuaded that the verdict was excessive. Neither do we find abuse of discretion on the part of the trial court in allowing the verdict to stand against the claim that it was motivated by speculation and bias.

*Judgment affirmed.*