## Paul Drennan and James Missroon v. Mountain Trust Company

[435 A.2d 959]

No. 303-80

Present: Barney, C.J., Larrow, Billings, Hill and Underwood, JJ.

Opinion Filed September 1, 1981

*Valsangiacomo & Detora, P.C.*, Barre, for Plaintiffs.

*Davison & Wright, P.C.*, Stowe, for Appellant.

**Barney, C.J.** In a discovery proceeding under V.R.C.P. 26, the plaintiffs below are seeking to examine a file which is in the custody of a lawyer who was their attorney in a real estate transaction. The lawyer is not a party to the law suit, but withheld the file claiming an attorney's lien based on an unpaid professional bill.

The trial court, confronted with this situation, issued an order requiring the attorney to allow the plaintiff to examine, inspect, and copy the documents retained by him under his asserted lien. The attorney appeals, claiming that to allow the order to be carried out would effectively deprive his possession of the file of any effective significance as a lien, and dissipate his security for his unpaid fee. *Davis* v. *Davis*, 90 F. 791 (C.C.D. Mass. 1898); Restatement of Security § 62, comment i (1941).

Plaintiffs below allege in their brief that no evidence was offered to the lower court from which it could conclude either that appellant has performed services for them, or that he has not been paid for those services. The superior court made no finding on the issue, and the appellant has not supplied this Court with an adequate record of the proceedings below. It is impossible for this Court to determine from what it has whether the lower court's order is supportable.

■ This Court has stated that:

> [T]he appealing party has the responsibility of producing a true record, capable of demonstrating that harmful error was committed at the trial in the manner claimed. On timely application, a record may be corrected. But once submitted, its verity is absolute. The risk of deficiency or mistake is with the appellant. Omissions are out of the reach of appellate review.

*Banker* v. *Dodge*, 126 Vt. 534, 537, 237 A.2d 121, 124 (1967).

■ The only record of the proceedings below available to this Court consists of the motion to compel by plaintiffs, the motion for protective order by appellant, and the order filed by the lower court. This is not sufficient to demonstrate error, and the order must be sustained.

*The order of the lower court is sustained.*