# Donald W. Angolano v. City of South Burlington and Glens Falls Insurance Company

[453 A.2d 402]

No. 347-81

Present: Billings, Hill, Underwood and Peck, JJ., and Larrow, J. (Ret.), Specially Assigned

Opinion Filed November 2, 1982

*William E. Mikell* and *Robert C. Jackson*, Burlington, for Plaintiff-Appellant.

*Robinson E. Keyes* and *Glenn S. Morgan* of *Ryan Smith & Carbine, Ltd.*, Rutland, for Defendants-Appellees.

**Billings, J.** This is an appeal by the plaintiff from an order of the Commissioner of Labor and Industry denying his claim

for permanent partial disability compensation and medical and hospital benefits. 21 V.S.A. § 672. Pursuant to § 672, the Commissioner certified five questions for our review, but because our ruling on the first question is dispositive of this appeal, it is not necessary to list the others. The first question is:

> Did the Commissioner err in ruling that, as a matter of law, the employee could not recover in this proceeding for injuries incurred in the course of employment prior to March 2, 1980?

The facts giving rise to this disability claim may be briefly stated. On July 1, 1970, plaintiff was hired as a fireman by the defendant City of South Burlington. During the winter of 1970-71, plaintiff was exposed for several seconds to the blast of a malfunctioning fire siren while he was working in the firehouse. As a result, he claims to have suffered a hearing impairment. In the fall of 1976, while plaintiff was attempting to replace the siren switch on a fire truck, the siren again malfunctioned, blasting for several seconds before the wires were disconnected. As a result of this, plaintiff claims a further hearing impairment. Finally, on March 2, 1980, while plaintiff was en route to a fire, the truck's siren stuck, this time sounding continually for about eight minutes. Plaintiff claims that his hearing was impaired yet again as a result. Several days after this latest incident, plaintiff filed the appropriate "notice of injury" form, 21 V.S.A. § 656, indicating that the accident occurred "since the 1st day of July, 1970." In May of 1980, plaintiff filed a notice and application for hearing, as required by 21 V.S.A. § 663, stating the date of injury as "prior to March 10, 1980."

On August 22, 1980, attorneys for the parties met with the Department of Labor and Industry counsel for a pretrial conference. After that meeting, the Department's attorney wrote a follow-up letter stating, among other things, the following:

> The stipulations that were discussed at the pretrial conference will be read into the record at the time of the hearing. If there are any revisions to the list or any additional stipulations that may be agreed upon, they must be filed with this office at least one week prior to the hearing.

In addition, the Department's attorney reminded counsel for the plaintiff that he was to determine the precise "date of injury in this matter," and to notify defendants' counsel and the Department.

The following week, plaintiff's counsel sent a responsive letter to the Department, with a copy to defendants, describing plaintiff's alleged accidents in some detail, and listing the relevant dates as "Fall, 1972" [sic], "Fall, 1974" [sic], and "March 2, 1980." The letter stated that it was plaintiff's position "that the latest accident of March 2, 1980 aggravated the plaintiff's hearing impairment or potentiality for hearing impairment suffered in the preceeding [sic] accidents." In addition, plaintiff's counsel stated that he was enclosing a copy of his "proposed stipulations." Unfortunately, nowhere in the printed case or certified record can we find copies of this enclosure.

After discovery, a hearing was held before the Commissioner of Labor and Industry. At the commencement of the hearing, the hearing examiner stated in part as follows: "Prior to the opening of this hearing the parties in this matter have agreed to a series of stipulations." He then read a lengthy list of stipulations into the record, and concluded by listing the following stipulated issues:

1. Did the claimant sustain a personal injury by accident arising out of and in the course of his employment with the defendant on March 2, 1980?

2. Is the claimant permanently partially disabled as a result of the injuries sustained on March 2, 1980, and if so, to what degree?

3. Is the claimant entitled to the payment of $1,185.71 in medical and hospital benefits?

Immediately thereafter, plaintiff's attorney made one correction to the stipulations, in a matter not relevant to this appeal. Defendants' counsel then objected to several documents listed in the stipulations, and the record was duly corrected. Following this interchange, plaintiff presented his case. At no time did plaintiff's counsel object to, or comment upon, the statement of the issues limiting the disability claim to injuries sustained on March 2, 1980. However, throughout the hearing plaintiff's counsel elicited testimony concerning not only the

accident which occurred in March of 1980, but the two which occurred prior to that date as well. Defendants' attorney repeatedly objected to evidence of prior injuries, maintaining that it was irrelevant to the claim at issue. These objections were noted by the hearing examiner, but the testimony was allowed nevertheless.

Based on the stipulations and the evidence produced at the hearing, the Commissioner found, inter alia, that the plaintiff had indeed suffered three accidents as a result of siren malfunctions, in the winter of 1970–71, in the summer of 1976, and on March 2, 1980. He found that plaintiff was examined in the fall of 1976, and again in December of 1980, by the employer's otolaryngologist; that the doctor's 1976 tests showed that plaintiff suffered from a 25% hearing loss; and that his subsequent examination in 1980 showed substantially the same loss. The Commissioner further found that plaintiff was examined by his own otolaryngologist, once just prior to the March 2 accident and then immediately following it; that as a result of his first examination, the doctor found plaintiff suffering from a 25% hearing loss; and that his second examination revealed only a "slight decrease" in plaintiff's hearing capacities.

The Commissioner concluded that the plaintiff, a "noise sensitive" individual, did in fact have a hearing loss. However, he found that the only legal issue was whether plaintiff had suffered a compensable injury by accident on March 2, 1980. While acknowledging that plaintiff's counsel had argued for compensation on the basis of a series of accidents, he concluded that evidence regarding the prior incidents was irrelevant, as the plaintiff had "accepted the framing of Issues #1 and #2 prior to the hearing, and suggested them in his initial stipulation proposal." The Commissioner then held that plaintiff had not sustained his burden of proving a compensable injury on March 2, 1980, for he found from the evidence that plaintiff's hearing loss resulted prior to that date. For this reason, he denied plaintiff's claim for permanent partial disability compensation. 21 V.S.A. § 648. The Commissioner also denied plaintiff's claim for medical and hospital benefits, 21 V.S.A. § 640, based in part on his finding that there was no compensable injury in 1980.

The first question certified for our review is whether the

136 

Commissioner erred in ruling that plaintiff could not recover in this proceeding for injuries incurred prior to March 2, 1980. We conclude that this ruling was not in error, and that the first question must therefore be answered in the negative.

 The record reveals that plaintiff's attorney made no objection to the clear statement read into the record at the commencement of the hearing, which effectively limited the issue of liability to the 1980 injury. A timely objection was necessary in order to notify the hearing examiner that plaintiff did not agree to the issues as stipulated. V.R.C.P. 46. While the Vermont Rules of Civil Procedure are not required to be rigidly enforced in hearings before the Labor and Industry Commissioner, nevertheless they do apply as far as is practicable. Fox's Vermont Regulations, Title 21, Ch. 9, ¶ 6(m), at 751. Thus, it would appear that plaintiff's failure to object constitutes, for the purposes of the hearing, an acceptance of the stipulation and a waiver of consideration of the prior incidents. Once a party agrees to a stipulation he or she is bound by it, and the course of the trial is determined by it. *Dunbar* v. *Gabaree*, 135 Vt. 269, 270, 376 A.2d 51, 52 (1977); *Eurich* v. *Coffee-Rich, Inc.*, 130 Vt. 537, 542, 298 A.2d 846, 849 (1972).

Our determination of this question is further supported by a review of the circumstances which occurred prior to the hearing, and which we have recited above. As early as August 22, 1980, the parties were notified by the Department that the stipulations "discussed at the pretrial conference" would be read into the record of the hearing, with any additions or revisions which might be suggested by the parties. In his letter responding to such notice, plaintiff's attorney stated that he was enclosing his "proposed stipulations" in that letter and sending copies to defendants' counsel. Finally, the Commissioner's conclusions state that the plaintiff not only "accepted" the framing of the first two issues, but "suggested them in his initial stipulation proposal."

 While we have no reason to doubt that plaintiff's proposed stipulations did in fact exist, they were neither included along with the other pretrial materials in plaintiff's printed case, nor certified up to this Court in the Department's official record. Thus, we have no means of divining the

content of these proposed stipulations nor the manner in which they framed the issues. We have recently restated a long-held maxim of judicial review which controls in such circumstances:

> [T]he appealing party has the responsibility of producing a true record, capable of demonstrating that harmful error was committed at the trial in the manner claimed. On timely application, a record may be corrected. But once submitted, its verity is absolute. The risk of deficiency or mistake is with the appellant. Omissions are out of the reach of appellate review.

*Drennan* v. *Mountain Trust Co.*, 140 Vt. 137, 138, 435 A.2d 959, 960 (1981) (quoting *Banker* v. *Dodge*, 126 Vt. 534, 537, 237 A.2d 121, 124 (1967)). We note plaintiff's assertion on appeal that he refused to stipulate to a claim based only on the March 2, 1980, accident. However, he provides absolutely no support for this assertion. Despite our own vigorous review of the record, we are unable to provide plaintiff with such support. Thus, on this record we have no choice but to uphold the Commissioner's order.

██ Having found that the Commissioner was correct in limiting the scope of the inquiry to the March 2, 1980, accident, we also hold that his findings of fact and conclusions of law as to the lack of a compensable injury on that date are without error. "In an appeal under 21 V.S.A. § 672, the findings of the Commissioner are binding upon this Court if legally supported by the evidence." *Lapan* v. *Berno's Inc.*, 137 Vt. 393, 395, 406 A.2d 390, 391 (1979); *Moody* v. *Humphrey & Harding, Inc.*, 127 Vt. 52, 54, 238 A.2d 646, 647 (1968). The Commissioner's findings that plaintiff's hearing loss occurred prior to the 1980 incident, and that this last siren malfunction caused no appreciable further injury, are amply supported by the record. There being no compensable injury for the 1980 incident there can be no right to recover for necessary medical services. 21 V.S.A. § 640(a).

*Certified question No. 1 is answered in the negative. Order appealed from is affirmed.*