## Estate of Samuel J. Emilo v. Raymond St. Pierre and Geraldine St. Pierre

[505 A.2d 664]

No. 83-476

Present: **Allen, C.J., Hill, Peck, Gibson and Hayes, JJ.**

Opinion Filed December 13, 1985

*Karl W. Neuse*, Middlebury, for Plaintiff-Appellee.

*Peter F. Langrock* and *Susan M. Murray* of *Langrock Sperry Parker & Wool*, Middlebury, for Defendants-Appellants.

**Peck, J.** This is an appeal by defendants Raymond and Geraldine St. Pierre from the district court's findings, conclusions and order denying their motion to set aside a judgment which ordered defendants' ejectment from certain property and ordered the issuance of a writ of possession in plaintiff's favor. Defendants claim the district court lacked jurisdiction to eject them and issue

the writ, because they held fee title to the property. We disagree and affirm the court's order denying defendants' motion.

On November 8, 1982, plaintiff filed a complaint requesting that the district court order defendants ejected from certain property allegedly owned by plaintiff, 12 V.S.A. § 4851, and issue a writ of possession to restore plaintiff to possession of that property. In its complaint, plaintiff alleged that it owned an apartment building in Rutland, Vermont, and that defendants entered into an oral lease to pay rent of $250.00 per month. The complaint alleged further that plaintiff gave defendants written notice of termination of the oral lease agreement on August 25, 1982, and that defendants failed to vacate the premises on October 1, 1982, in accordance with the notice.

Defendants answered the complaint and filed a motion to dismiss. In their motion defendants denied that the lease had terminated; denied any breach concerning occupancy; and alleged that the rent had been paid. However, defendants did not claim they held title to the property.

At a hearing on the motion to dismiss on December 1, 1982, defendants joined with plaintiff in a stipulation that judgment was to be entered for the plaintiff, that a writ of possession would be issued March 1, 1983, and that defendants were to pay rent of $250.00 per month to plaintiff in the interim. Defendants' attorney subsequently withdrew as their counsel.

On March 2, 1983, the day after the writ of possession was to be issued, another hearing was held before the district court. Plaintiff's counsel indicated to the court that the defendants had not abided by the stipulation. Through their new counsel, defendants claimed for the first time that they held equitable title to the subject property. They alleged that they borrowed money from Samuel J. Emilo in 1962 and gave a quitclaim deed to the property to Emilo but only as security for the loan. Thus, defendants claimed they retained equitable ownership, and plaintiff's ejectment action, commenced almost four months prior to March 2nd, was improper for want of title in plaintiff. In response, plaintiff's counsel urged the court to issue an order in accordance with the December 1st stipulation. Further, plaintiff agreed to allow defendants an additional three months within which to vacate the premises. On March 2nd the district court issued a judgment order, based explicitly on the December 1st stipulation, which directed:

1. That Judgment shall be entered for Plaintiff against the Defendants in the *COMPLAINT FOR EJECTMENT*.

2. That the Defendants shall continue to pay a monthly rental of TWO HUNDRED AND 50/100ths [sic] ($250.00) DOLLARS per month on or before the first day of each and every month until they vacate the premises which are the subject matter of the *COMPLAINT*.

3. That a Writ of Possession shall issue to restore the Plaintiff to the possession thereof effective May 1, 1983,

No appeal was taken from this order. On June 15, 1983, a motion to withdraw by defendants' second attorney was granted.

On June 22, 1983, defendants' third attorney filed a motion to set aside the order of March 2nd, pursuant to V.R.C.P. 60(b)(6). Defendants claimed the district court should not have ordered the ejectment of defendants as they had equitable title.

The district court initially granted the defendants' motion. One day later, however, the court agreed to reconsider. Upon reconsideration the court denied the motion to set aside the judgment order and writ of possession because the question of title was not raised until the March 2nd hearing. The district court conceded that an action to try a title question must be brought in the superior court in the county in which the real estate is located. 12 V.S.A. § 402. Where no party disputes title, however, an action for ejectment may properly be brought in the district court in the county where either party resides. *State* v. *Fisher*, 134 Vt. 339, 360 A.2d 102 (1976); 12 V.S.A. § 405. The court concluded that no issue of title had been raised despite a clear opportunity to do so.

A motion for relief from judgment, V.R.C.P. 60(b), "is addressed to the discretion of the trial court and is not subject to appellate review unless it clearly and affirmatively appears from the record that such discretion was withheld or otherwise abused." *R. Brown & Sons, Inc.* v. *International Harvester Corp.*, 142 Vt. 140, 143, 453 A.2d 83, 85 (1982) (citations omitted). A motion brought under V.R.C.P. 60(b)(6) serves as a request for relief from judgment for "any other reason justifying relief from the operation of the judgment." *Id.* We have stated "that relief from judgment under V.R.C.P. 60(b)(6) is, by its very nature, invoked to prevent hardship or injustice and thus to be liberally construed and applied." *Cliche* v. *Cliche*, 143 Vt. 301, 306, 466

A.2d 314, 316 (1983). Nevertheless, clause (6) of the Rule may not be used to relieve a party from free, calculated, and deliberate choices he has made. See 11 C. Wright & A. Miller, Federal Practice and Procedure § 2864 (1973). The court in the instant case did not abuse its descretion in denying defendants' motion. Defendants entered into a stipulation that judgment should be entered for plaintiff, and were represented by counsel when they did so.

Defendants claim on appeal that the lower court was without jurisdiction to determine title. This may be true, but the title question was not properly raised. The court had jurisdiction to consider the ejectment action. Defendants have made no direct claim that the December 1st stipulation should be disregarded. "Once a party agrees to a stipulation he or she is bound by it . . . ." *Angolano* v. *City of South Burlington*, 142 Vt. 131, 136, 453 A.2d 402, 404 (1982).

Defendants have not demonstrated an abuse of discretion by the trial court when it did not relieve them from their free, calculated and deliberate choice embodied in the stipulation.

*Affirmed.*