## Green Mountain Bank v. Magic Mountain Corp.

[531 A.2d 604]

No. 86-199

Present: Allen, C.J., Peck and Dooley, JJ., and Keyser, J. (Ret.) and Springer, D.J. (Ret.), Specially Assigned

Opinion Filed July 17, 1987

*Kenneth V. Fisher, Jr.*, Brattleboro, for Plaintiff-Appellee.

*Thomas D. Roberts* of *Lisman & Lisman*, Burlington, for Defendant-Appellant.

**Per Curiam.** Defendant-appellant Magic Mountain Corporation appeals the denial of its motion under V.R.C.P. 60(b)(6) for relief from a default judgment entered on September 10, 1985, in an action on a promissory note. Defendant argues here, as it did in the trial court, that relief from the judgment is appropriate because the prior owners of the corporate defendant concealed the litigation from the current owners during the period of negotiations for the sale and purchase of the corporate stock, which were in progress at the time of entry of judgment. We affirm.

A motion for relief from judgment is addressed to the discretion of the trial court and will not be disturbed on appeal in the absence of abuse of discretion. *Estate of Emilo* v. *St. Pierre*,

146 Vt. 421, 423, 505 A.2d 664, 665 (1985). It is the moving party's burden to prove such an abuse. *R. Brown & Sons, Inc.* v. *International Harvester Corp.*, 142 Vt. 140, 143, 453 A.2d 83, 85 (1982).

The parties do not dispute that the default judgment order was duly recorded in the land records of the town of Londonderry on September 13, 1985. The record indicates that the sale of the corporate stock was consummated in October of 1985. Thus, the purchasers had record notice of the default judgment prior to the purchase. The current owners of the defendant corporation made a deliberate choice to complete the stock purchase with record notice of the outstanding default judgment against the corporation.

The purchasers did not request relief under Rule 60(b) until March of 1986, some five months after the sale. It was within the trial court's discretion to find that delay unreasonable. See *Brown* v. *Tatro*, 136 Vt. 409, 411-12, 392 A.2d 380, 382 (1978).

These are not the type of circumstances under which relief will be granted under V.R.C.P. 60(b)(6). See generally *Estate of Emilo*, 146 Vt. at 424, 505 A.2d at 665-66. The trial court did not abuse its discretion in denying the motion.

*Affirmed.*