**Lucy GEORGE, Leonard George and Deanne George v. James M. PORTER and Leslie B. Porter**

[546 A.2d 797]

No. 84-040

April 13, 1988. Plaintiffs appeal from an order of the Caledonia Superior Court granting defendant's [James Porter's] motion for relief from judgment pursuant to V.R.C.P. 60(b). Judgment in this matter had been entered

pursuant to a stipulation which had been signed on Mr. Porter's behalf by his attorney. Upon concluding that plaintiffs had failed to prove that Mr. Porter had consented to the specific terms of the stipulated agreement, the court permitted Mr. Porter to rescind the stipulation.

While an attorney's authority to settle or compromise a case must be expressly conferred by the client, *New England Educational Training Service, Inc. v. Silver Street Partnership,* 148 Vt. 99, 104, 528 A.2d 1117, 1120 (1987), where judgment is entered upon agreement by the attorney of record, the attorney's authority to settle the case is to be presumed unless rebutted by affirmative evidence that authority is lacking. *Mid-South Towing Co. v. Har-Win, Inc.,* 733 F.2d 386, 390 (5th Cir. 1984); *Surety Insurance Co. v. Williams,* 729 F.2d 581 (8th Cir. 1984).

A motion for relief from judgment pursuant to V.R.C.P. 60(b) is addressed to the discretion of the trial court, and its ruling will not ordinarily be disturbed on appeal unless it clearly appears from the record that such discretion was withheld or abused. *Estate of Emilo v. St. Pierre,* 146 Vt. 421, 423, 505 A.2d 664, 665 (1985). In this case, the trial court improperly shifted the burden to prove whether Mr. Porter authorized the settlement to the plaintiffs. Consequently, in granting the motion for relief, the trial court exercised its discretion on grounds and for reasons clearly untenable and to an extent clearly unreasonable. See *Thomas v. Colorado Trust Deed Funds, Inc.,* 366 F.2d 136, 139 (10th Cir. 1966).

*Reversed and remanded.*