Filed 11/04/24


VERMONT SUPERIOR COURT

Rutland Unit
83 Center St
Rutland VT 05701
802-775-4394
www.vermontjudiciary.org

CIVIL DIVISION
Case No. 24-CV-01080

---

**Hilarie Tolstoi d/b/a Wistol LLC v. Misti Baker**

---

## ENTRY REGARDING MOTION

Title:      Motion to Set Aside Judgment  (Motion: 9)
Filer:      Eric J Fanning
Filed Date: October 09, 2024

The motion is GRANTED IN PART and DENIED IN PART.

This is an ejectment action brought by Hilarie Tolstoi d/b/a Wistol LLC against Misti Baker for non-payment of rent.  The court held a bench trial over two days on September 23, 2024 and September 26, 2024.  Plaintiff was represented by Attorney Samantha Snow and defendant represented herself.  The court granted judgment to the plaintiff and findings were placed on the record.  Post-judgment, Attorney Eric Fanning entered a limited notice of appearance and filed a motion to dismiss on October 9, 2024.[1]  The plaintiff filed a response on October 17, 2024.

Defendant argues she is entitled to relief from judgment pursuant to V.R.C.P 60(b)(4) and (6).  "Rule 60(b)(6) may be invoked only when a ground justifying relief is not encompassed within any of the first five subsections of the rule."  *Olde & Co., Inc. v. Boudreau,* 150 Vt. 321, 323 (1988).  However, the court "should not hesitate to apply V.R.C.P. 60(b)(6) liberally to prevent hardship or injustice."  *Id.* at 324.

Pursuant to Rule 60(b)(4), "the court may relieve a party … from a final judgment, order, or proceeding for the following reasons: … (4) the judgment is void."  As noted by the Vermont Supreme Court, "a judgment is void 'only if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law.'"  *In re. C.L.S.,* 2020 VT 1, ¶ 17 (citing 11 C. Wright & A. Miller, Federal Practice & Procedure § 2862 (3d ed. 2019).  Defendant argues that the judgment is void because plaintiff is not the real party in interest as required by V.R.C.P. 17(a).  ("Every action shall be prosecuted in the name of the real party in interest.").  Defendant argues the real party in interest is Wisch 4 LLC, rather than Wistol LLC, as Wisch 4 LLC is the deeded owner of the apartment building defendant resides in.  She does not dispute that Hilarie Tolstoi is the owner of both LLCs.

Defendant seeks dismissal of the action pursuant to V.R.C.P. 12(b)(1) and (6).  Rule 12 requires that every defense be "asserted in the responsive pleading thereto if one is required, except

---

[1] The writ of possess that issued pursuant to the judgment was stayed pending the court's decision on this motion.

that the following defenses may at the option of the pleader be made by motion: (1) lack of jurisdiction over the subject matter, … (6) failure to state a claim upon which relief can be granted …" V.R.C.P. 12(b).  The record shows that no motion to dismiss was filed in this case.  In her Answer, the defendant checked off affirmative defenses of lack of subject matter jurisdiction and failure to join an indispensable party, among other checked defenses.  Although defendant asserted these defenses, she also admitted in her Answer that she agreed plaintiff was the owner of 126 State Street #2 Rutland, Vermont.  Paragraph 3 of the Complaint states "Defendant(s) claim to be a tenant(s) in the residence *owned by the Plaintiff(s)* located at **126 State St # 2 Rutland VT 05701** pursuant to a lease agreement.  A copy of the lease is attached as Exhibit 1." (emphasis added).  Defendant's Answer states, "**Paragraph 3:**     I agree.  Not only do I claim to be a tenant at 126 State Street #1 in Rutland, I am in fact a tenant."  This admission is insufficient for the plaintiff to be put on notice that defendant was asserting plaintiff was not the real party in interest.

At trial, Hilarie Tolstoi testified she was the sole owner and member of Wistol LLC, which owns 126 State Street in Rutland, Vermont.  During cross examination, defendant asked Ms. Tolsotoi whether Wistol LLC owned the property where she resides.  Ms. Tolstoi responded, "there's been a change in the ownership and the … the … the paperwork, I don't have the paperwork in front of me, I can't tell you what it says or what it doesn't say.  Whatever changes were needed to be made to please the court were made as far as the ownerships of the properties."  Defendant did not otherwise argue at trial that plaintiff was not the real party in interest or that judgment should not enter for plaintiff because it did not own the property.  This is similar to a situation address by the Vermont Supreme Court in *American Express Centurion Bank v. Stine,* 2014 WL 3414972, at *2 (July 24, 2014) (unpub. mem.), where the defendant argued in a Rule 60(b) motion that the judgment was void because the plaintiff was not the real party in interest.  The Court held:

> As the trial court found, defendant could and should have raised his "real party in interest" argument before or during the January 2012 court trial. While relief from judgment under Rule 60(b)(6) is intended to "prevent hardship or injustice and thus [is] to be liberally construed and applied," the rule "may not be used to relieve a party from free, calculated, and deliberate choices he has made." *Estate of Emilo v. St. Pierre,* 146 Vt. 421, 423–24 (1985) (quotations omitted). Defendant failed to raise this issue at trial, and he cannot raise it now in a Rule 60 motion.

*Id.*  Here, the defendant could and should have raised her argument before or during the court trial.  She failed to do so, thus it cannot now be raised in a Rule 60 motion.  *Id.*  The motion to vacate the judgment pursuant to V.R.C.P. 60 is denied.

Defendant requests the court amend the final judgment to reflect the plaintiff as Wisch 4 LLC.  Plaintiff does not object to this request.  As such an amended final judgment and a new writ of possession will issue.

Electronically signed on November 4, 2024 pursuant to V.R.E.F. 9(d)

_____
Alexander N. Burke

Superior Court Judge