VERMONT SUPREME COURT
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org



Case No.      24-AP-407

*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant.  Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

AUGUST TERM,   2025

Oliver Twombly v. Marcia Horne\*

}  APPEALED FROM:
}  Superior Court, Washington Unit,
}  Civil Division
}  CASE NO. 24-CV-01599
Trial Judge: Timothy B. Tomasi

In the above-entitled cause, the Clerk will enter:

Tenant Marcia Horne, self-represented, appeals from the trial court's entry of judgment in favor of landlord Oliver Twombly.  We affirm.

Beginning in 2019, tenant rented a unit in landlord's Barre apartment building.  In April 2024, landlord filed a complaint for eviction against tenant.  He alleged that the parties had an oral lease agreement under which tenant's rent was payable on a weekly basis, that tenant failed to make certain rent payments when due and was therefore in arrears, and that she had been served with a notice of termination of tenancy but did not move out of the unit by the March 2024 termination date.  On this basis, landlord requested that the court issue a writ of possession requiring tenant to vacate the apartment and award him his damages and costs.

In her answer to landlord's complaint, tenant raised several defenses and counterclaims.  While the precise nature of the underlying legal theories is somewhat unclear, tenant generally asserted that she was relieved of her obligation to pay rent due to environmental conditions in the apartment building and because landlord's insurer had made rent payments on her behalf.  She sought damages for personal injuries sustained as a result of the building's condition, an order requiring landlord to refund her past rent payments, and a declaration that landlord and his employees discriminated against her and a corresponding award of damages.   Tenant's supporting allegations included that: decomposing human remains were left in several areas throughout the apartment building, including in the basement and in apartments near tenant's unit; between June 2019 and March 2024, tenant was exposed to harmful fumes emitted by these remains, as well as the related presence of black mold; landlord and his employees were dishonest with tenant, including in denying that human remains had been discovered in the building; landlord's insurer made rent payments on tenant's behalf, but landlord refused to credit those payments to her account; and landlord and his employees discriminated against tenant.

In June 2024, landlord moved for an order requiring defendant to pay rent into court.  See 12 V.S.A. § 4853a(a) ("In any action against a tenant for possession . . . the landlord may file a motion for an order that the tenant pay rent into court.").  Tenant did not appear at the July 2024

motion hearing. The court subsequently issued a rent-escrow order requiring tenant to pay $2720 to the court within seven days of service of the order and to deposit each of her weekly rent payments with the court going forward.

Landlord filed a motion seeking an immediate writ of possession in August 2024, alleging that while tenant timely paid $2720 into court, she failed to make a subsequent weekly payment as required under the rent-escrow order. See id. § 4853a(h) ("If the tenant fails to pay rent into court in the amount and on the dates ordered by the court, the landlord shall be entitled to judgment for immediate possession of the premises."). The court granted the motion, explaining that because its rent-escrow order was served on tenant and she failed to pay the full amount of rent due thereunder, landlord was entitled to a writ of possession.

Tenant subsequently vacated the unit, leaving landlord's request for unpaid rent and costs and her counterclaims as the only live issues in the case. A bench trial was held in November 2024. Both parties appeared and offered testimony and evidence.

After the close of evidence, the court deliberated and then announced its findings and conclusions on the record. It first explained that landlord bore the burden of proof on his claim, while tenant bore the burden of proof with respect to her defenses and counterclaims. The court found that landlord demonstrated that tenant owed back rent in the amount of $10,120. It summarized the testimony tenant offered in support of her defenses and counterclaims, including that: her unit was periodically without working utilities for roughly six weeks after a July 2023 flood; landlord and his employees subjected tenant to discriminatory treatment; landlord's insurer paid one year of back rent on tenant's behalf but landlord refused to credit tenant for these payments; and decomposing human remains were present in the apartment building and tenant's exposure to related fumes and black mold negatively impacted her health. The court noted that, in his testimony, landlord unequivocally denied treating tenant differently than his other tenants, the existence of any such insurance payments, and the presence of human remains in the building. The court found that landlord's testimony was more credible than tenant's on these points and therefore held that tenant failed to meet the burden of proof on her counterclaims and the majority of her defenses. It did, however, credit tenant's testimony that her unit was periodically without working utilities for roughly six weeks after a July 2023 flood and concluded that she was entitled to a corresponding deduction from the amount of back rent owed.

On this basis, the civil division entered judgment for landlord in the amount of $6615.20, which represented the amount of back rent owed offset by tenant's security deposit, the deduction for the six-week period in which tenant was without fully functioning utilities, and a credit for tenant's earlier payment under the rent-escrow order, plus fees and costs. See 12 V.S.A. § 4854 (providing that if court finds landlord is entitled to possession, landlord "shall have judgment for . . . rents due . . . and costs"). It also entered judgment for landlord on tenant's counterclaims. This appeal followed.

Tenant argues that the trial court's decision should be reversed because the evidence demonstrated that she was entitled to judgment in her favor on landlord's claim and her counterclaims. Before addressing these contentions, we take up a threshold issue—tenant's challenge to the accuracy of the record on appeal.

Tenant alleges that: landlord made several material admissions in the second page of his answer to her counterclaims, and that this document was removed from the record and replaced with a one-page answer that did not include such admissions; landlord also made numerous material admissions during the course of a June 2024 status conference, but the relevant portions of the audio recording have been excised; and portions of the audio recording of the November 2024 bench trial have been similarly removed from the record.

The record on appeal consists of the documents, data, and exhibits filed in the superior court, any transcript or recording of the proceedings, and the record of actions below. V.R.A.P. 10(a). Where, as here, "any difference arises about whether the record truly discloses what occurred in the superior court," Vermont Rule of Appellate Procedure 10(e) requires that "the difference . . . be submitted to and settled by that court and the record conformed accordingly." (emphasis added); see Reporter's Notes, V.R.A.P. 10 ("Rule 10(e), providing for amendment or correction of the record in the trial court, is consistent with prior Vermont practice." (citing Banker v. Dodge, 126 Vt. 534, 537 (1967))). Tenant did not avail herself of the process set forth in Rule 10(e) by seeking relief in the civil division. Her challenge to the accuracy of the record is beyond the scope of appellate review, which is confined to the record before us. Hoover v. Hoover, 171 Vt. 256, 258 (2000); see Banker, 126 Vt. at 537 ("[T]he appealing party has the responsibility of producing a true record . . . . On timely application, a record may be corrected. But once submitted, its verity is absolute. The risk of deficiency or mistake is with the appellant. Omissions are out of the reach of appellate review."). As a result, we are unable to take up these arguments.

With this understanding, we turn to plaintiff's argument that the court erred in weighing the evidence. "Our standard of review of a trial court's findings made following a bench trial is limited." Kwon v. Edson, 2019 VT 59, ¶ 23, 210 Vt. 557. We leave it to that court, in its role as factfinder, "to determine the credibility of witnesses and the persuasive effect of the evidence." Moyers v. Poon, 2021 VT 46, ¶ 21, 215 Vt. 118 (quotation omitted). Thus, its findings "will not be disturbed on appeal unless clearly erroneous when viewed in the light most favorable to the prevailing party." Lofts Essex, LLC v. Strategis Floor and Décor Inc., 2019 VT 82, ¶ 17, 211 Vt. 204 (quotation omitted); see Hirchak v. Hirchak, 2024 VT 81, ¶ 15 (explaining finding is not clearly erroneous "even if it is contradicted by substantial evidence, unless there is no credible evidence to support the finding" (quotation omitted)). Provided the court applied the correct legal standard, we will uphold its conclusions of law where reasonably supported by the findings. Hirchak, 2024 VT 81, ¶ 15.

Tenant primarily argues that the court erred in crediting landlord's testimony because it was allegedly contradicted by admissions he made in his answer and the status conference that are not reflected in the record. As discussed above, "[o]n appeal, we cannot consider facts not in the record." Hoover, 171 Vt. at 258. We are unable to consider tenant's argument to the extent it is predicated on factual assertions outside the record. Tenant otherwise argues that the court should have credited her testimony over landlord's testimony.[*] We "give[] due regard . . . to the

---

[*] To the extent tenant suggests that the court found landlord more credible because it was biased toward landlord, we reject this argument. Tenant asserts that landlord's status as a Vermont attorney afforded him certain advantages in this proceeding, although she does not specify these alleged advantages or cite to any portion of the record in support of this assertion. As a result, she has not established that the hearing was unfair or that the court was biased. Klein v. Klein, 153 Vt. 551, 554 (1990) (recognizing that trial judge accorded presumption "of

opportunity of the trial court to judge the credibility of the witnesses," and accordingly "defer to the court's determinations regarding the credibility of witnesses and the persuasive effect of the evidence." Lofts Essex, LLC, 2019 VT 82, ¶ 17 (quotations and citations and alterations omitted). "That a different weight or conclusion could be drawn from the same evidence may be grist for disagreement," but it is not grounds for reversal. Knutsen v. Cegalis, 2011 VT 128, ¶ 13, 191 Vt. 546 (mem.). Tenant has not demonstrated that the court's findings are clearly erroneous, or that its conclusions were not reasonably based on the findings.

Finally, we note that tenant cites a variety of state and federal laws in her brief. To the extent these authorities are offered in support of tenant's claims of error, we are unable to discern any related arguments. On appeal, "[i]t is the burden of the appellant to demonstrate how the lower court erred warranting reversal," In re S.B.L., 150 Vt. 294, 297 (1988), and Vermont Rule of Appellate Procedure 28(a)(4) therefore requires that an appellant's brief include "the issues presented, how they were preserved, and [the] appellant's contentions and the reasons for them—with citations to the authorities, statutes, and parts of the record on which the appellant relies." Tenant's brief does not include citations demonstrating that these issues were preserved for appeal or set forth her contentions or the reasons for them. V.R.A.P. 28(a)(4). While self-represented litigants receive "wider leeway" from this Court, they are nonetheless bound by the minimum briefing standards set forth in Rule 28(a)(4). Pcolar v. Casella Waste Sys., Inc., 2012 VT 58, ¶ 19, 192 Vt. 343 (quotation omitted) (declining to address argument by self-represented party that did not satisfy requirements of V.R.A.P. 28(a)(4)). Tenant's citations to various statutes, without more, are insufficient to satisfy those requirements. We therefore decline to address any related contentions as inadequately briefed.

We have addressed all arguments discernable in tenant's brief and conclude that they are without merit. Tenant has identified no basis to disturb the judgment below.

Affirmed.

BY THE COURT:

Paul L. Reiber, Chief Justice

Harold E. Eaton, Jr., Associate Justice

Nancy J. Waples, Associate Justice

honesty and integrity with burden on the moving party to show otherwise in the circumstances of the case" (quotation omitted)); see Ball v. Melsur Corp., 161 Vt. 35, 45 (1993) (explaining that "bias or prejudice must be clearly established by the record" and that "contrary rulings alone . . . do not suffice to show prejudice or bias"), abrogated on independent grounds by Demag v. Better Power Equip., Inc., 2014 VT 78, ¶¶ 11, 25, 197 Vt. 176.