2008 VT 94

**Leesa L. CALLAHAN v. James P. CALLAHAN**

[958 A.2d 673]

No. 07-267

¶ 1. June 26, 2008. Husband appeals from denial of his Vermont Rule of Civil Procedure 60(b) motion for relief from judgment. Husband sought relief from a provision in a final divorce order requiring him to pay 25% of his retirement pay to wife, and the court denied the motion because it was untimely filed. The trial court did not abuse its discretion in denying husband's motion, and we therefore affirm.

¶ 2. The relevant facts are as follows. Husband is a career Air Force officer who retired from active duty in August 2006. Wife served four years in the military, during which time she met husband. Husband and wife were first married in 1990, and had three children during the marriage. In April 1997, the parties were divorced in Nevada. By stipulation, husband agreed to pay child support and alimony to wife, and wife expressly waived any claim to husband's military retirement pay.

¶ 3. The parties remarried in July 1997. Husband was deployed to South Korea in August 1997 for a two-year command position. Shortly thereafter, wife and the three children joined him. Wife testified that she was unhappy in the marriage, and that in May 1998, she and the children returned to the United States and settled in Windsor, Vermont. It is unclear to what extent the parties discussed ending the relationship, but in August 1998 wife sent husband a letter informing him that she wanted a divorce. The letter included a proposed stipulation with terms similar to those in the Nevada divorce, in which she expressly waived any claim to husband's military retirement pay.

¶ 4. In September 1998, wife sent husband a second letter, outlining the terms of a proposed settlement agreement. In the proposed agreement, wife did not claim an interest in husband's retirement pay, nor did she expressly waive any claim to the retirement pay as in the previous letter. Husband agreed to the proposed terms, and wife prepared a stipulation with the assistance of counsel which she sent to husband in Korea in May 1999. On May 19, 1999, husband signed the stipulation and returned the documents to wife's counsel. In addition to child support and alimony, among other provisions, the stipulation provided that wife would receive 25% of husband's monthly pension income at such time as husband retired and began collecting his pension. It further provided that husband would continue to make such payments until wife dies or the pension is terminated, whichever occurs first.

¶ 5. In November 1999, prior to the final hearing, husband, through his counsel, moved to set aside the terms of the stipulation, arguing that he was not represented at the time he signed the agreement, and that he would not have agreed to its terms if he had known that wife was living with another man and was pregnant with the man's child. The court denied the motion on the grounds that he had an

opportunity to consult with counsel prior to signing the stipulation and did not establish any legal basis for setting the stipulation aside. Husband's counsel filed a motion to reconsider on January 25, 2000, but withdrew it at the time of final hearing on January 28, 2000. Husband was not present at final hearing, but his counsel participated by telephone. The court entered a final divorce order on January 28, 2000, incorporating the terms of the May 1999 stipulation, including the military-pension provision at paragraph 13. Neither party appealed from the final order.

¶ 6. In March 2006, five months prior to husband's anticipated retirement date, wife emailed husband regarding the status of his retirement pay. Shortly thereafter, husband obtained a copy of the final divorce order and attempted without success to negotiate a lump-sum settlement with wife in lieu of the pension provision in paragraph 13. Husband retired from military service on August 1, 2006. Following a series of email correspondences, in November 2006, husband authorized the government to directly deposit $433.16 per month in an account held by wife, which by his calculation fulfilled his responsibility under paragraph 13. On November 20, 2006, wife filed a motion to enforce paragraph 13 of the final divorce order, claiming that she was entitled to 25% of husband's gross retirement pay. Husband filed a pro se motion to clarify or modify the final order with respect to the pension provision on December 12, 2006. On May 15, 2007, after retaining new counsel, husband filed a motion for relief from judgment pursuant to Rule 60(b)(6). He claimed that he was ignorant of the pension provision until he received a copy of the final order in March 2006, and that he had simply relied on wife's representations that the stipulation was the same as the Nevada divorce settlement at the time he signed the document.

¶ 7. The trial court denied husband's Rule 60(b) motion, concluding that he had not filed it within a "reasonable time" as required by the rule. Furthermore, it granted wife's motion to enforce paragraph 13 of the divorce order, and ordered husband to pay $646.63 to wife for past due amounts and to begin making monthly payments of $1,538 to wife, a figure representing 25% of husband's gross military retirement pay. This appeal followed.

¶ 8. Husband's primary argument on appeal is that the court abused its discretion in determining that his Rule 60(b)(6) motion was not timely filed. He contends that he filed the motion within a reasonable time, and that the court should have granted it on the merits. First, he argues that the court erred in denying his 1999 pre-order motion to set aside the stipulation without hearing. Next, he claims that in its decision to enforce the terms of paragraph 13 the court erroneously interpreted the pension provision against husband and furthermore failed to consider his equitable estoppel claim. Finally, he argues that, even if the provision is enforceable, the court erred in its calculation of the amount owed to wife.

¶ 9. Husband's first argument — that the court abused its discretion in determining that his Rule 60(b)(6) motion was untimely filed — is unsupported by the record. Under Rule 60(b)(6), the court may grant relief from a final judgment for "any . . . reason justifying relief from the operation of the judgment," so long as the motion is "filed within a reasonable time." V.R.C.P. 60(b). Rulings on motions for relief from judgment are left to the sound discretion of the trial court, and may not be reversed on review absent a showing that the court "clearly and affirmatively" abused or withheld its discretion. *Cliche v. Cliche*, 143 Vt. 301, 306-07, 466 A.2d 314, 316-17 (1983). While Rule 60(b) may be invoked to prevent the miscarriage of justice, it "is not intended to function as a substitute for a timely appeal." *Tetreault v. Tetreault*, 148 Vt. 448, 451, 535 A.2d 779, 781 (1987).

¶ 10. Husband filed his Rule 60(b) motion for relief from judgment on May 15, 2007, claiming that the provision in paragraph 13 was inherently inequitable because he signed the stipulation without reading it based on wife's representation that its provisions were the same as the Nevada divorce order, which did not require husband to provide any retirement pay to wife. As noted by the trial court, the motion was filed approximately seven years after entry of the final order, which was dated January 28, 2000 and from which husband did not appeal. In denying the motion, the court determined that "six and one-half years was not a reasonable time for [husband] to wait" to file the Rule 60(b) motion given that:

> (1) he had an opportunity to read the stipulation before he signed it in May 1999, (2) he had an opportunity to discuss all the terms of the stipulation . . . with the attorney representing him in the divorce, when she filed a motion to set aside the stipulation on his behalf, (3) he had yet another opportunity to consider the provision when, presumably, his attorney sent him a copy of the Final Order, and (4) he discussed implementing the terms of [paragraph] 13 with [wife], in correspondence beginning in the Spring of 2006 yet he still waited until December of 2006 before filing his motion to reopen.

¶ 11. Husband now argues that the unique circumstances of his case warranted a finding that seven years was not an unreasonable delay in filing the Rule 60(b) motion. Specifically, he claims that because he was on active duty in the Air Force until August 2006, and paragraph 13 was not enforceable until his retirement, it was reasonable for him to file the motion to reopen when he did. Despite husband's contention, however, the trial court determined that husband had ample opportunity to challenge paragraph 13 both before and after it was incorporated into the final order — either by filing a timely appeal, or by filing the motion to reopen in March 2006, when wife began inquiring about the impending retirement payments pursuant to paragraph 13 — and these findings are supported by the record. Thus, the court exercised its broad discretion in determining that the seven-year delay in filing the motion was unreasonable given the circumstances, and we affirm the court's decision. *Lyddy v. Lyddy*, 173 Vt. 493, 497, 787 A.2d 506, 513 (2001) (mem.) (family court decision on 60(b) motion will stand on review absent abuse of discretion).

¶ 12. Husband's remaining claims presuppose that the trial court erred in denying his motion for relief from judgment on timeliness grounds. Nonetheless, we briefly address each of his challenges to the pension provision of the stipulation. First, husband's claim that the court was required to hold a hearing on his 1999 motion to set aside the stipulation is unavailing. Under Rule 78, the family court has discretion to dispose of motions without hearing. V.R.C.P. 78(b)(2) ("[T]he court may decline to hear oral argument and may dispose of the motion without argument."). Husband's 1999 request to set aside the stipulation was based largely on his distaste for wife's living arrangement rather than any claim of fraud, unconscionable advantage, or misrepresentation. Thus, the court found that husband "show[ed] no legal ground to warrant setting aside the stipulation," and exercised its discretion appropriately in declining to set aside the voluntary settlement without hearing. See *Pouech v. Pouech*, 2006 VT 40, ¶ 23, 180 Vt. 1, 904 A.2d 70 (family court has discretion to determine if agreement is unfair and we review its decision only for abuse of discretion).

¶ 13. Husband next argues that the court incorrectly construed the pension provision of paragraph 13 against him. He claims that the provision requires him to pay 25% of his "Air Force pension," but that there is no such thing as an "Air Force pension," and that federal law recognizes a spouse's interest only in "disposable retired pay," defined as the total monthly retired pay to which a military retiree is entitled less applicable deductions. See 10 U.S.C. § 1408(a)(4). The court, however, determined that the parties understood "pension" and "retirement pay" to be synonymous. Based specifically on husband's transfer of $433.16 to wife, the court found that he both understood the meaning of pension, and was able to comply with the provision by directly depositing the funds from his retirement pay into wife's account. While the court was required — as husband argues — to look first to the plain meaning of the provision to determine whether an ambiguity existed, it was not required to do so in a vacuum. *Isbrandtsen v. N. Branch Corp.*, 150 Vt. 575, 578, 556 A.2d 81, 83-84 (1988). The court did not err by deciding that the parties intended "pension" and "retirement pay" to be interchangeable after considering the terms of the agreement and its surrounding circumstances, namely husband's course of conduct. See *Herbert v. Pico Ski Area Mgmt. Co.*, 2006 VT 74, ¶ 13, 180 Vt. 141, 908 A.2d 1011. Nor were the parties required to use the precise, federally defined term of art, "disposable retired pay," to effectuate a legally binding agreement that in plain terms requires husband to pay a portion of his retirement pay to wife.

¶ 14. Furthermore, husband contends that the court abused its discretion in failing to consider his equitable estoppel claim against wife. Husband claimed that the pension provision should not have been enforced because he detrimentally relied on wife's representation that the stipulation contained the same provisions as the Nevada court order and signed the stipulation without first reading it. See *In re Lyon*, 2005 VT 63, ¶ 17, 178 Vt. 232, 882 A.2d 1143 (explaining elements of estoppel). While the court did not directly address husband's estoppel claim, it found that husband had ample opportunity not only to read the stipulation, but to review it with an attorney, and any failure to do so was a result of his own lack of "due diligence." Furthermore, the record on appeal shows that husband filed a pre-order motion to set aside the stipulation in 1999, and that he (or at the very least, his attorney) was well aware of the pension provision at that time. As such, he cannot now prevail on an equitable estoppel theory, arguing that he was ignorant of the pension provision until nearly seven years after the date of the final order. See *id.* (the party seeking estoppel must establish that he was ignorant of the true facts). In any event, husband's claim of detrimental reliance on wife's representation does not overcome his failure to seek relief in the form of a 60(b) motion in a timely manner. The court properly exercised its discretion in denying husband's motion for relief from judgment as untimely, and was not required to address husband's claims on the merits.

¶ 15. Lastly, husband claims that even if the pension provision of paragraph 13 is enforceable, the court erred in its calculation of the amount of retirement pay husband owes wife. Specifically, husband argues that the court erred by failing to apply a coverture fraction to its calculation of 25% of husband's retirement pay despite the fact that the parties' second marriage effectively lasted only ten months.* In a contested divorce, equity

---

* Husband also notes that, in its calculation, the trial court "ignore[d] the applicable deduction from gross disposable retirement pay, including premiums paid by the member for the Survivor Benefits

requires that the family court distribute only the part of a spouse's pension that accrued during the period of the marriage. *Golden v. Cooper-Ellis*, 2007 VT 15, ¶ 15, 181 Vt. 359, 924 A.2d 19. The portion of the entitlement acquired during the marriage is calculated by factoring in the so-called coverture fraction. *McDermott v. McDermott*, 150 Vt. 258, 261, 552 A.2d 786, 789 (1988). Where, as here, the parties voluntarily agree to an apportionment of a spouse's pension, however, the court must enforce the plain language of the agreement. See *Osborn v. Osborn*, 159 Vt. 95, 101, 614 A.2d 390, 395 (1992) (divorce settlement should be enforced according to its terms). The pension provision in the stipulation plainly reads: "25% of [husband's] monthly pension income shall be paid to [wife]" without reference to the length of the marriage or any applicable coverture fraction. Thus, it was reasonable for the court to determine that wife is entitled to receive 25% of husband's gross retirement pay, and we will not disturb its order.

¶ 16. As a final matter, we decline to consider husband's argument that under the Servicemembers Civil Relief Act, 50 App. U.S.C. §§ 501-596, the statutory period for filing a 60(b) motion was tolled during the time that he was serving on active military duty. To begin, husband presented this argument for the first time at oral argument. See *Guiel v. Guiel*, 165 Vt. 584, 585 n.2, 682 A.2d 957, 959 n.2 (1996) (mem.) (this Court does not consider arguments made for the first time at

plan annuity and Veteran's benefits," mandated by the Federal Uniformed Services Former Spouses' Protection Act, 10 U.S.C. § 1408(a)(4). Whether or how the provisions of the Act affect the amount of husband's retirement pay that is subject to property division was inadequately briefed, however, and we therefore do not consider it. *Johnson v. Johnson*, 158 Vt. 160, 164 n.*, 605 A.2d 857, 859 n.* (1992).

oral argument). Furthermore, as previously discussed, husband cannot prevail on the merits of his 60(b)(6) motion, even if we were to determine that the motion was timely filed, and therefore we need not consider his tolling argument.

*Affirmed.*