*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2013-403

FEBRUARY TERM, 2014

| | |
|---|---|
| Henry G. Richmond | } APPEALED FROM: |
| | } |
| | } Superior Court, Bennington Unit, |
| v. | } Family Division |
| | } |
| | } |
| Sheila Richmond | } DOCKET NO. 237-9-98 Bndm |

Trial Judge: David A. Howard

In the above-entitled cause, the Clerk will enter:

Ex-wife (hereinafter wife) appeals a decision of the family division, superior court, denying her motions for relief from judgment and for attorney disqualification. We affirm.

Following a thirty-seven-year marriage, the parties were divorced on August 30, 2000 by a final divorce order that incorporated their stipulation. Both parties were represented by counsel when they arrived at the negotiated stipulation. The final divorce order stated that: (1) the parties agreed to proceed without a final hearing and requested the court to incorporate into the final order the terms and conditions of their stipulation; (2) both parties were aware of their right to appear before the court for a final hearing but, by execution of the stipulation, had knowingly and voluntarily waived that right; and (3) neither party had been the subject of an abuse-prevention order or a request for such an order. Pursuant to the parties' stipulation, husband was awarded $1,610,293 in investment and retirement accounts, $120,000 in real property equity, and $17,500 in personal property, for a total of $1,747,793; while wife was awarded $1,144,000 in investment and retirement accounts, $933,000 in real property equity, and $50,000 in personal property, for a total of $2,127,000. The order explicitly stated, pursuant to the parties' stipulation, that neither party was currently employed or had any plans to obtain employment in the future, that "each must rely on income-producing assets to provide income following the divorce," and that "neither party shall pay the other party temporary, rehabilitative or permanent spousal maintenance."

On June 28, 2013, nearly thirteen years after the final divorce order issued, wife filed a pro se motion for relief from judgment under Vermont Rule of Civil Procedure 60(b)(6). She asked the superior court to set a new final hearing as to property distribution, spousal maintenance, and attorney's fees because the original final divorce order was predicated upon manifest injustice. In an affidavit in support of her motion, she stated that she had been subjected to emotional and verbal abuse during the long-term marriage; that her husband had engaged in multiple extra-marital affairs, that he had had control of the finances during the marriage, which enabled him to move money around to various accounts without her knowledge; that she had broken her ankle and her mother had died shortly before she participated in the mediation process that led to the parties' stipulation; that she felt coerced into taking the real

estate portfolio; that, as she learned many years later, husband was still receiving money from his medical practice at the time of the divorce; and that, as a result of post-traumatic stress, she was unable to find or afford an attorney from the time of the divorce through the present time.

On August 30, 2013, the superior court denied wife's motion without holding a hearing, ruling that she had not filed the motion within a reasonable time, as required under Rule 60(b)(6). The court stated that it was not reasonable for wife to wait thirteen years before challenging the divorce order, particularly when she knew at the time of the divorce most of the facts alleged in her motion.

Four days after the ruling, wife filed a motion to disqualify husband's attorney, stating that a member of husband's law firm had served as the mediator during the parties' divorce proceedings. The superior court denied the motion, concluding that the issue was moot because a decision had been reached on the only pending post-judgment motion. The court stated that any ruling on the motion to disqualify was unnecessary and would not have impacted its decision on the Rule 60(b) motion.

On September 9, 2013, within ten days of the filing of the superior court's August 30 denial of her Rule 60(b) motion, wife file a motion for reconsideration, in which she reiterated some of the statements she had made in her Rule 60(b) motion, stating that it was only "recently that I have been able to focus let alone understand what I should have been entitled to let alone what I actually received from the divorce." The court denied the motion without comment by motion-reaction form.

On appeal, wife argues that the superior court erred by denying, without holding a hearing, her motion to disqualify her husband's current attorney and her Rule 60(b) motion, particularly given the conflict of interest of husband's counsel. Regarding her motion to disqualify husband's attorney, the attorney answered that there was no conflict of interest because the mediator joined the law firm of husband's present counsel several months after he served as a mediator in the parties divorce proceedings and left that firm approximately four years before wife filed her Rule 60(b) motion in the present proceedings. In any event, as the superior court stated, by the time wife filed her motion to disqualify, the court had already ruled on her Rule 60(b) motion, and wife has failed to show how the potential disqualification of husband's present counsel would have had any impact on her Rule 60(b) motion or the court's ruling on that motion.

Moreover, we find no abuse of discretion with respect to the court's denial of wife's Rule 60(b)(6) ruling. See Wilson v. Wilson, 2011 VT 133, ¶ 5, 191 Vt. 560 (mem.) (stating that motion under Rule 60(b)(6) may be granted only in extraordinary circumstances to prevent injustice and is not subject to reversal on appeal unless the record clearly and affirmatively demonstrates that trial court withheld or abused its discretion). Subsection six of Rule 60(b) allows relief from judgment for any reason not set forth in the first five subsections of the rule, but the motion must be filed "within a reasonable time." The motion may not serve as a substitute either for a timely appeal or for other subsections set forth in the rule—such as mistake or excusable neglect, newly discovered evidence, or fraud or misconduct by the adverse party— all of which must be filed within one year of the judgment being challenged. V.R.C.P. 60(b); see Olio v. Olio, 2012 VT 44, ¶ 14, 192 Vt. 41 (stating that Rule 60(b)(6) "is not intended to be used as a substitute for one of the first five subsections of Rule 60(b)," including first three time-

limited subsections); <u>Tetreault v. Tetreault</u>, 148 Vt. 448, 451 (1987) (stating that Rule 60(b)(6) "is not intended to function as a substitute for a timely appeal").

Apart from any allegations of misconduct, newly discovered evidence, or mistake, which are not available to her, wife essentially argues that not reopening a divorce judgment in which she was awarded assets valued at more than $2 million, representing more than half of the value of the marital estate, would result in manifest injustice. We conclude that the superior court acted well within its wide discretion in determining that wife's claim, filed thirteen years after the final divorce order issued, was not filed within a reasonable period of time. See <u>Callahan v. Callahan</u>, 2008 VT 94, ¶ 11, 184 Vt. 602 (mem.) (concluding that trial court properly "exercised its broad discretion in determining that the seven-year delay in filing the [Rule 60(b)] motion was unreasonable given the circumstances"). Wife's assertion that <u>Callahan</u> is distinguishable because of factual differences between the circumstances of that case and this one is unpersuasive. These differences do not directly relate to the holding of <u>Callahan</u> which was that the trial court had discretion to rule that a delay of seven years before filing a Rule 60(b)(6) motion was unreasonable. Moreover, wife in this case signed a stipulation acknowledging that she was waiving her right to appear before a court for distribution of the marital assets.

Finally, we reject wife's suggestion that the court erred by not holding a hearing to consider her Rule 60(b) motion. The court concluded that even accepting as true all of the representations in wife's affidavit, wife still was not entitled to relief from the 13-year-old divorce judgment.. See V.R.C.P. 78(b)(2) (stating that "[A]n opportunity to present evidence shall be provided, if requested, unless the court finds there to be no genuine issue as to any material fact."). Likewise, wife was not entitled to oral argument on her motion. See <u>id</u>. ("[T]he court may decline to hear oral argument and may dispose of the motion without argument.").

<u>Affirmed</u>.

BY THE COURT:

_____
John A. Dooley, Associate Justice

_____
Beth Robinson, Associate Justice

_____
Geoffrey W. Crawford, Associate Justice

3