*Countrywide Home Loans, Inc. v. Young*, No. 557-10-08 Wmcv (Wesley, J. , July 22, 2015)

[The text of this Vermont trial court opinion is unofficial.  It has been reformatted from the original.  The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

STATE OF VERMONT

| | |
|---|---|
| SUPERIOR COURT | CIVIL DIVISION |
| Windham Unit | Docket No. 557-10-08 Wmcv |

---

Countrywide Home Loans, Inc. vs. Young

## ENTRY REGARDING MOTION

Count 1, Foreclosure (557-10-08 Wmcv)

| | |
|---|---|
| Title: | Motion to Vacate Judgment & Stay Proceedings (Motion 36) |
| Filer: | Kelli-Ann Young |
| Attorney: | Alexander D. Shriver |
| Filed Date: | May 1, 2015 |

Response filed on 05/11/2015 by Attorney Alexander D. Shriver for Defendant Kelli-Ann Young
Response filed on 05/29/2015 by Attorney Douglas J. Wolinsky for Substituted Plaintiff Bank of America, N.A.
Response filed on 06/12/2015 by Attorney Alexander D. Shriver for Defendant Kelli-Ann Young

**The motion is DENIED.**

**Introduction**

Defendant Kelli-Ann Young is the former owner of property located at 222 Valley View Road, Dover, Vermont (the "Property"). She currently faces an ejectment action from Federal National Mortgage Association ("Fannie Mae"), plaintiff of record in Docket No. 223-5-14 Wmcv (the "Eviction Action"). The pending ejectment is the culmination of lengthy foreclosure proceedings by which Plaintiff seeks possession of the Property after Defendant defaulted on the loan she received from Countrywide Home Loans, Inc. ("Countrywide"), failed to redeem as provided by the decree of foreclosure and judicial sale, and failed to relinquish possession despite Plaintiff's acquisition of the Property through the judicial sale confirmed in the foreclosure proceedings.

Countrywide brought foreclosure against Defendant in 2008, and was awarded a final foreclosure judgment in March, 2010.  Following the Court's approvals of the substitution of party plaintiff, Bank of America, N.A. ("BOA"), became plaintiff of record in Doc. No. 557-10-08 Wmcv (the "Foreclosure Action") prior to the judicial sale provided by the judgment of foreclosure.  Pursuant to that judgment, BOA conducted a foreclosure sale and purchased the Property at auction. Later, BOA quit-claimed the Property to Fannie Mae. Relying on its title acquired from BOA, Fannie Mae now seeks to evict Defendant from the Property.

Now before the Court are Defendant's motion to vacate this Court's 2010 final judgment of foreclosure in Doc. No. 557-10-08 Wmcv, and her motion to stay the eviction proceedings Docket No. 223-5-14 Wmcv.   For the following reasons, Defendant's motions are **DENIED**.

**Procedural History**

In 2005, Defendant executed a promissory note (the "Note"), see Pl's Ex. 2, and a mortgage securing the Property (the "Mortgage"), see Pl's Ex. 3, in exchange for a loan from Countrywide in the amount of $250,000. The Mortgage named the Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee for Countrywide and its successors and assigns. In 2007, Defendant breached the terms of the Note and stopped repaying the loan. On October 21, 2008, MERS assigned the Mortgage to Countrywide. See Pl's Ex. 4. The next day, Countrywide filed a foreclosure complaint on the Property and its occupants (the "Foreclosure Complaint"). See Pl's Ex. 1.

On November 17, 2008, the Court granted Defendant's motion for alternative service and Defendant was then served with a summons and the Foreclosure Complaint. See Order Granting Alternative Service, Do. No. 557-10-08 Wmcv, 11/17/2008.  Defendant filed a response on Dec. 11, 2008, but failed to answer Countrywide's Foreclosure Complaint. See Pl's Ex. 5. Countrywide then moved for a default judgment. See Pl's Ex. 5.  On January 5, 2009, Defendant filed a letter acknowledging receipt of the Court's notice to pro-se litigants and requesting a 30 day extension to respond to the motion for default judgment. See Pl's Ex. 6. Defendant's request for an extension was granted, but instead of responding within 30 days, Defendant filed for Chapter 7 Bankruptcy in Massachusetts on January 23, 2009. See Pl's Ex. 7. The Foreclosure Action was subsequently dismissed. See Pl's Ex. 8.

In April of 2009, Countrywide was renamed BAC Home Loans Servicing, LP, but Countrywide remained the named plaintiff in the Foreclosure Action. See Motion to Substitute Party Plaintiff, Do. No. 557-10-08 Wmcv, 9/10/2012, Ex. A.

On May 5, 2009, Defendant's Bankruptcy was closed, and soon thereafter Countrywide filed a motion to reopen the foreclosure. See Pl's Ex. 9. The matter was reopened on October 20, 2009. See Order, Do. No. 557-10-08 Wmcv, 10/20/2009. Several months later, on February 16, 2010, a hearing was held on Countrywide's motion for default judgment. See Pl's Ex. 10. Notice of the hearing was sent out on January 29, 2010, but Defendant failed to appear. See Pl's Ex. 13. Following the hearing, the Court granted Countrywide's motion for default judgment on February 23, 2010, and on March 18, 2010, the Court entered its Judgment and Decree of Foreclosure by Judicial Sale (the "Judgment of Foreclosure"). See Pl's Ex. 11 and 13. In the order, the Court established that Defendant would have until September 20, 2010 to redeem the mortgage by paying the sum of $311,087.42, plus interest. See Pl's Ex. 13.  The order also provided that Defendant could redeem up until the date of the judicial sale. *Id*. In bold, at the end of the order, the Court stated: "If you wish to appeal this judgment, you must request permission to appeal by motion filed with the Court within ten (10 ) days of the date of entry of the judgment, not including that date or Saturdays, Sundays or legal holidays." *Id*. No request to appeal was made within the established time frame or at any later point.

On August 6, 2010, in accordance with the Judgment of Foreclosure, Countrywide sent Defendant the First Notice of Pending Foreclosure Sale. Pl's Ex. 14. By the date of the first foreclosure sale Defendant had failed to redeem the Mortgage, and on September 27, 2010, Countrywide filed a certificate of non-redemption. See Pl's Ex. 15. Two days later, Donna Young, Defendant's mother, filed a motion to intervene and to set aside the Judgment of Foreclosure, and a motion requesting an ex-parte temporary restraining order. See Pl's Ex. 16. In her motion, Donna Young asserted that she was the current occupant of the Property and therefore had a right to redeem and defend against the foreclosure. *Id*. Countrywide opposed both motions.

A series of extensions and continuances delayed any further action on the motions for many months. Eventually, in May of 2011, notices were sent out informing the parties of a hearing to be held on Donna Young's motions on June 23, 2011. See Pl's Ex. 18. Neither Defendant nor Donna Young appeared at the hearing. As a result, the Court denied Donna Young's motions by a written order issued on July 20, 2011. See Order, Do. No. 557-10-08 Wmcv, 7/20/11.

In July, 2011, BOA acquired BAC Home Loans Servicing, LP and in September, 2012 Countrywide filed a motion to substitute BOA as the party plaintiff. See Motion to Substitute Party Plaintiff, Ex. A.

On February 27, 2012, an assignment of the Mortgage from MERS to BOA was recorded in the Dover Town Land Records. See Pl's Ex. 21. On January 31, 2013, BOA filed an affidavit of amounts owing. Pl's Ex. 22. On March 11, 2013, BOA sent Defendant and Donna Young notice of the upcoming foreclosure sale to be held on May 14, 2013. Pl's Ex. 23. Defendant then tried to remove the foreclosure action to federal court, but the United States District Court for the District of Vermont remanded the matter to this Court on April 5, 2013, finding there was no diversity or federal question. See *Countrywide Home Loans, Inc. v. Young et al.*, No. 2:13-cv-00050-wks (D. Vt. April 4, 2013). The foreclosure sale was held as scheduled on May 14, 2013, and BOA, the sole bidder, purchased the Property for $100.00. See Pl's Ex. 24.

On September 6, 2013, an amended certificate of non-redemption was issued confirming that Defendant and interested party Donna Young had failed to redeem the Property and were "foreclosed and forever barred from all equity of redemption in the said premises." Pl's Ex. 25. Several days later, the Court issued its First Amended Confirmation Order, finding that title to the Property had transferred to BOA and that the judgment indebtedness at the date of sale was $379, 477.14. See First Amended Confirmation Order, Do. No. 557-10-08 Wmcv, 9/11/2013; Pl's Ex. 26.

On September 23, 2013, BOA executed a quit claim deed for the Property to Fannie Mae, and the deed was recorded in the Dover Land Records on October 24, 2013. See Pl's Ex. 27. On May 15, 2014, Fannie Mae filed an eviction complaint for the Property (the "Eviction Complaint"), based upon notice to quit the Property served on Defendant and Donna Young on April 3, 2014. See Pl's Ex. 28. Defendant failed to answer the Eviction Complaint and on October 8, 2014, the Court issued an order granting judgment for possession in favor of Fannie Mae. See Judgment Order, Doc. No. 225-5-14, 10/8/14. The Clerk issued a Writ of Possession on the same day, awarding possession of the Property to Fannie Mae. See Pl's Ex. 34. The Writ of Possession was subsequently stayed when Defendant filed a Chapter 13 Bankruptcy. The

Bankruptcy was dismissed on March 13, 2015, and Fannie Mae then requested the Court re-issue the Writ.  See Pl's Ex. 36. The motion was granted on April 2, 2015.  See Writ of Possession, Doc. No. 223-5-14 Wmcv, 4/2/15.

The Writ of Possession has once again been stayed pending the outcome of Defendant's Rule 60(b) motion to vacate the Judgment of Foreclosure. Defendant and Donna Young, or Donna Young individually, remains at the Property.

**Discussion**

Defendant has filed a motion pursuant to V.R.C.P. 60(b)(4) and 60(b)(6) to vacate the Judgment of Foreclosure entered in March of 2010, and a motion to stay further eviction proceedings pending the outcome of the Rule 60(b) motion. Rule 60(b) provides:

On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment order, or proceeding for the following reasons: . . . (4) the judgment is void; . . . (6)any other reason justifying relief from the operation of the judgment. The motion shall be filed within a reasonable time . . . .

V.R.C.P. 60(b).

The "burden is on the party seeking relief under Rule 60(b) to plead facts with sufficient particularity to warrant a hearing and potential relief." *Spencer v. Spencer*, 2014 VT 63, ¶ 13, 100 A.3d 334. As the Vermont Supreme Court has explained, a motion to set aside a judgment under Rule 60(b) is only meant to provide relief from a final judgment in extraordinary circumstances.  See *John A Russell Corp. v. Bohlig*, 170 Vt. 12, 24 (1999). "Rule 60(b) is not an open invitation to reconsider matters concluded at trial." *Id.* (quotations omitted).

When a party seeks to vacate a default judgment, as was the Judgment of Foreclosure, the reviewing court should consider the following factors: "whether the [movant's] failure to answer was the result of mistake or inadvertence, whether the neglect was excusable under the circumstances, and whether the defendant has demonstrated any good or meritorious defense to the plaintiff's claims." See *Desjarlais v. Gilman*, 143 Vt. 154, 157 (1983).[1]

Countrywide's Foreclosure Complaint was initially filed nearly seven years ago. Two years later, the Court issued the Judgment of Foreclosure, but it was not for another three years beyond the date of that final judgment that the foreclosure sale took place. Despite the significant time to do so, Defendant failed to raise any defense to foreclosure and failed to appeal the Judgment of Foreclosure which resulted from her inaction. Tellingly, Defendant was well aware of the foreclosure proceedings, having entered an appearance and secured additional time to file an answer, before electing to seek bankruptcy protection which caused the proceedings to be stayed. After the bankruptcy case was closed, and the foreclosure case

---

[1] These factors have also been described as: "(1) the degree of prejudice suffered by the plaintiff as a result of defendant's delay in answering; (2) the presence of material issues of fact and prima facie evidence of meritorious defenses; (3) the significance of the interests at stake; and (4) the degree of defendant's culpability." *LaFrance Architect v. Point Five Development South Burlington, LLC*, 2013 VT 115, ¶ 15, 195 Vt. 543.

4

reopened, and although Defendant had yet to answer the complaint, the Court scheduled a hearing on Plaintiff's motion for default, with notice to Defendant. Yet, Defendant failed to appear. Although Defendant has paid nothing on the Note or Mortgage in all the years comprising the procedural history just described, she now attempts to raise defects with the foreclosure to further delay eviction from the Property.

Defendant's inexcusable and lengthy delay in seeking Rule 60(b) relief weighs heavily against her claims. See *Callahan v. Callahan*, 2008 VT 94, ¶ 11, 184 Vt. 602. Moreover, Defendant has made no showing that her failure to answer was the result of mistake or inadvertence, nor has she presented any claim demonstrating the neglect was excusable.[2] See *Sandgate School Dist. v. Cate*, 2005 VT ¶ 8, 178 Vt. 625 ("[W]here a party simply disregards the court's rules, such neglect is inexcusable and there is no error in a trial court's denial of a Rule 60(b) motion.").

Despite the untimeliness of her motion, the Court will nevertheless address the merits of Defendant's claims in turn. Ultimately, however, Defendant's claims fail to raise "any good or meritorious defense" as they are improper collateral attacks on the Judgment of Foreclosure, barred by res judicata, and unsupported by law or fact. It follows, therefore, that Defendant has failed to meet her burden under Rule 60(b), and the Court finds no extraordinary circumstances which warrant vacating the Judgment of Foreclosure or any further stay of Fannie Mae's Writ of Possession. For the foregoing reasons, and as more fully laid out below, Defendant's motion is denied.

### A. Rule 60(b)(4): Notice and Due process

Defendant first argues that the Judgment of Foreclosure must be vacated pursuant to V.R.C.P. 60(b)(4) because the judgment is void for lack of notice and violations of due process.

Defendant asserts that Countrywide failed to comply with the requirements of V.R.C.P. 55 by failing to give notice of its motion for default judgment, thus violating Defendant's right to due process. Rule 55 provides that where a party has appeared in the action, but fails to defend, a default judgment may be entered after hearing, upon at least 3 days' written notice served by the clerk. See V.R.C.P. 55(b)(4). V.R.C.P (b)(5) also requires that before default judgment may be entered, the plaintiff must submit an affidavit disclosing that defendant is not serving in the military. Defendant alleges she never received notice of the February 16, 2010 hearing on the motion for default judgment, and it was not until Dec. 6, 2012 that she received notice of the foreclosure. Because she lacked notice, Defendant claims the Judgment of Foreclosure is void for violating due process and should be vacated pursuant to V.R.C.P. 60(b)(4).

Initially, Defendant's collateral attack on the Judgment of Foreclosure is barred by *res judicata*. Accepting that lack of sufficient notice can deprive a court of personal jurisdiction over a matter, it is nonetheless well-settled if the parties "*could* have challenged the court's power to hear a case, then *res judicata* principles serve to bar them from later challenging it

---

[2] Defendant does claim that she failed to receive notice of the motion for default, but as explained below, that assertion is unconvincing and factually refuted.

collaterally." *Nemaizer v. Baker*, 793 F.2d 58, 65 (2d Cir. 1986). This is not a case where the defendant failed to receive any notice. Rather, after learning of the Foreclosure Action, Defendant on multiple occasions has sought procedural relief, giving ample indication that she was aware of the nature of the proceedings, although her responses and appearances can be categorized as sporadic. See *In re Vermont Health Service Corp.*, 155 Vt. 457, 460 (1990) ("For notice to be adequate, it is enough that the parties be sufficiently apprised of the nature of the proceedings so that there is no unfair surprise."). Defendant had numerous opportunities in the Foreclosure Action to raise issues of jurisdiction. Her failure to do so bars her from re-litigating the issue of notice years later. See *Eutectic Corp. v. Metco, Inc.*, 597 F. 2d 32, 34 (2d. Cir. 1979) (holding that Rule 60(b) motion "cannot be used as substitute for appeal."); see also *Donley v. Donley*, 165 Vt. 619, 620 (1996) ("A judgment is not void on standing or jurisdictional grounds when a party had a prior opportunity to contest on those grounds but failed to do so."). As a result, Defendant fails to establish grounds to vacate the judgment pursuant to V.R.C.P. 60(b)(4).

Further, Defendant's claim that she lacked notice of the motion for default and of the Judgment of Foreclosure is clearly refuted by the record. The record demonstrates that Defendant was aware of foreclosure proceedings at the latest on January 4, 2009. See Kelli-Ann Young, Letter to Superior Court, Do. No. 557-10-08 Wmcv, 1/6/2009. Throughout the foreclosure, Countrywide repeatedly served all filings on Defendant, and the Court sent notices of any hearing's or filing deadlines to all parties. Any failure on the part of Defendant to regularly check her mail at the Property or to inform either the Court or Countrywide of a change of address, does not render notice ineffective. See *In re Vermont Health Service Corp.*, 155 Vt. 457, 460 (1990). In fact, the record refutes Defendant's claim that she did not have notice of the Judgment of Foreclosure until December of 2012. See Donna Young, Motion for TRO, filed Sept. 29, 2010. Indeed, Defendant requested mediation in the foreclosure matter in August of 2011. See Kelli-Ann Young, Request for Mediation, Do. No. 557-10-08 Wmcv, 8/18/2011. Therefore, the Court concludes that Defendant received sufficient notice to satisfy due process and certainly had adequate and timely notice to file an appeal. See *OCS/Glenn Pappas v. O'Brien*, 2013 VT 11, ¶ 43, 193 Vt. 340.

Next, Defendant claims the Judgment of Foreclosure is void as there is no record that Countrywide complied with the Court's Nov. 22, 2010 order. The order in question states:

> In response to Plaintiff's request, or on the Court's own motion seeking
> assurance as to the reliability of representations made regarding amounts owed,
> further proceedings are stayed for 90 days by the conclusion of which plaintiff
> shall demonstrate a reliable basis for proceeding with its foreclosure complaint;
> otherwise, the action will be DISMISSED WITHOUT PREJUDICE.

> At a minimum Plaintiff's demonstration shall include a certification that counsel
> has consulted with a representative of the noteholder, identified by name, title
> and date of inquiry, who represents having made a personal review of the
> information contained in the complaint, and in support of any requests for relief,
> and that the representative has confirmed that accuracy of the information and
> any notarizations associated with them. Counsel shall further certify to having

6

made his/her own diligent inspection of the pleadings pursuant to V.R.C.P. 11 to insure they are complete and accurate in all relevant respects.

See Order, Do. No. 557-10-08 Wmcv, 11/ 22/2010.

This claim also fails to raise a meritorious Rule 60(b)(4) defense. Primarily, Defendant's claim raises only an alleged procedural defect that does not render the judgment void, and thus is an improper basis for a V.R.C.P. 60(b)(4) motion. See *Town of Putney v. Town of Brookline*, 126 Vt. 194, 200 (1967).  Moreover, Defendant's claim is a further attempt to collaterally attack the March 18, 2010 Judgment of Foreclosure and is precluded by res judicata. See *State v. Mott*, 166 Vt. 188, 195 (1997).  Defendant had ample opportunity in the foreclosure action to challenge Countrywide's right to foreclose or its accounting of amounts due, and cannot now, years later, raise claims she failed to make in the original action.

Further, the Court is satisfied that Countrywide provided adequate documentation and assurances through filings and testimony establishing that the requirements of V.R.C.P. 80.1 were met, entitling Countrywide to foreclose on the Property. See Pl's Ex. 1 and 22; see also *Hugel v. McNeil*, 886 F.2d 1, 6 (1st Cir. 1989) ("A party seeking to set aside a default judgment must show good cause for the default and the existence of a meritorious defense."). Therefore, the Court finds the foreclosure action provided more than adequate due process and Defendant's motion under Rule 60(b)(4) is denied.

### B.   Rule 60(b)(6);  Authority to Proceed

Defendant next argues that Rule 60(b)(6) requires this Court to set aside the Judgment of Foreclosure because Countrywide, and its later successors, failed to establish authority to enforce the Note and Mortgage and to proceed with the foreclosure sale.

Rule 60(b)(6) may be used to set aside a final judgment for "any other reason [not permitted by V.R.C.P. 60(b)1–5] justifying relief from the operation of the judgment." V.R.C.P. 60(b)(6).  Relief under Rule 60(b)(6), however, is intended only for extraordinary situations where relief is necessary to prevent hardship or injustice. *See Cliche v. Cliche*, 143 Vt. 301 306 (1983). Relief, is only to be granted in limited circumstances and interests of finality will limit the time frame where Rule 60(b)(6) relief is available. See *TBF Financial, LLC v. Gregoire*, 2015 VT 36, ¶ 25; *Callahan v. Callahan*, 2008 VT 94, ¶ 11, 184 Vt. 602. Ultimately, Rule 60(b)(6) "may not be used to relieve a party from free, calculated, and deliberate choices" she made during the initial litigation. *Estate of Emilo v. St Pierre*, 146 Vt. 421, 424 (1985).

Defendant appears to argue two grounds warrant setting aside the Judgment of Foreclosure pursuant to V.R.C.P. 60(b)(6). First, she claims that Countrywide failed to produce evidence it had authority to prosecute the foreclosure in its name as of February 23, 2010 when the motion for default judgment was filed. Secondly, the assignment of the Mortgage from MERS to BOA on February 21, 2012, was a legal nullity, and therefore BOA had no authority to enforce the Judgment of Foreclosure or quit claim the Property to Fannie Mae. The Court rejects both these allegations as an improper collateral attack, unsupported, and refuted by fact and law.

7

Matters concerning Countrywide's, or its successor in interest BOA's, standing to foreclose and enforce the foreclosure were not raised at any point during the Foreclosure Action despite the numerous opportunities to do so. See *Darken v. Mooney*, 144 Vt. 561, 566 (1984) (finding that Rule 60(b) does not afford parties chance to re-litigate matters "in which there was ample time to prepare."). As a result, res judicata bars Defendant from collaterally attacking the Judgment of Foreclosure through Rule 60(b). See *Bank of America, N.A. v. Kuchta*, 21 N.E. 3d 1040, 1045 (Ohio 2014).

Moreover, Defendant's challenge to Countrywide's standing to enforce the Mortgage appears to ignore the factual record. Countrywide established standing to foreclose when it filed the Foreclosure Complaint. See Pl's Ex. 1; see also *U.S. Bank Nat. Ass'n v. Kimball*, 2011 VT 81, ¶¶ 13–15, 190 Vt. 210*.* Defendant failed to challenge Countrywide's standing to enforce the Note and Mortgage, and thus the assertions in the foreclosure complaint were accepted as true. See V.R.C.P. 8(d). Further, Countrywide, or a successor in interest, was in existence at the time the Court entered its Judgment of Foreclosure. See Pl's Ex. 38. Defendant has produced no evidence, besides her unsupported allegations, to question Countrywide's right to foreclose. Therefore, Defendant's claim fails as a matter of law. See *LaFrance Architect v. Point Five Development South Burlington LLC*, 2013 VT, 115, ¶ 20, 195 Vt. 543 ("It is incumbent upon a party seeking relief from a judgment not only to meet the requirements of Rule 60(b), but also to show, plead or present evidence of facts which, if established, would constitute a meritorious defense to the action.").

Defendant next claims that the Feb. 21, 2012 assignment of the Mortgage from MERS to BOA somehow impacted Countrywide's authority to foreclose in 2010. Defendant appears to argue that the Feb. 21, 2012 assignment to BOA was a legal nullity, thus there is no evidence of who owned the loan or rights to enforce the Mortgage on Feb. 23, 2010.

In her motion, Defendant spends significant time analyzing the role of MERS as a nominee in the mortgage foreclosure context, and incorporates a lengthy and largely irrelevant discussion of case law from Vermont and other jurisdictions concerning the ability of MERS, as a nominee, to enforce a mortgage. Here, however, MERS did not seek to enforce the Mortgage or the Note. Instead, MERS purported to assign to Countrywide that which it possessed—legal title to the Mortgage. See Pl's Ex.1, at 7. This procedure is routinely accepted in the mortgage foreclosure context and raises no issue of Countrywide's ability to foreclose. See *Culhane v. Aurora Loan Services of* Nebraska, 708 F.3d 282, 293 (1st Cir. 2013). As a result of the assignment of the Mortgage from MERS to Countrywide, Countrywide was the holder of the Note and had assignment of the Mortgage, entitling Countrywide to foreclose. See V.R.C.P. 80.1(b); see also See *Kimball*, 2011 VT 81, ¶ 13. As argued by BOA and Fannie Mae in their response to Defendant's motion to vacate, the later Feb. 21, 2012 assignment had no impact on Countrywide's standing in 2010 to foreclose on the Property.

Defendant also appears to challenge the Feb. 21, 2012 assignment on somewhat separate grounds. She contends that in assigning the Mortgage to BOA on Feb. 21, 2012, MERS assigned the entire loan to the third party, BOA. But, because it is unclear what rights MERS had in the Mortgage at the time of the assignment, the Mortgage assignment to BOA was invalid. Therefore, BOA did not have authority to conduct the foreclosure sale, take possession of the Property, or to later quit claim the deed to Fannie Mae. In their opposition, BOA and Fannie

Mae argue that Defendant does not have standing to challenge the assignment as she was not a party to the transaction.

The Court acknowledges that general contract principles prevent a third party from challenging a transaction where they are not an intended beneficiary of the transaction. See *Bischoff v. Bletz*, 2008 VT 16, ¶ 16, 183 Vt. 235. However, courts have been willing to recognize a mortgagor's standing to challenge an assignment of the mortgage when the validity of that assignment impacts the mortgagee's ability to foreclose. See *Dernier v. Mortgage Network Inc.*, 2013 VT 96, ¶ 49, 195 Vt. 113 (citing *Culhane*, 708 F.3d at 91).

Setting aside the issue of standing, the Court rejects Defendant's alternative Rule 60(b)(6) argument. Defendant claims that MERS lacked any interest in the Mortgage on February 21, 2012, thus third party BOA received nothing through the February 21, 2012 assignment.[3] Initially, BOA was not a third party on February 21, 2012, but rather was the Plaintiff in the Foreclosure Action. BOA had acquired Countrywide and thus stood in the shoes of Countywide as its successor in interest. Moreover, it is not BOA or Fannie Mae's burden to reprove every step of the foreclosure process. Defendant's unsupported allegations do not require BOA to now establish a chain of title to the Mortgage. See *Wells Fargo Bank Minnesota, N.A. v. Rouleau*, 2012 VT 19, ¶ 13, 191 Vt. 302 (holding that party seeking to enforce note and mortgage need not establish chain of title). At the time of the foreclosure sale, BOA had adequately demonstrated to the Court its position as holder of the Note and Mortgage.[4] See Motion to Substitute Party Plaintiff, Do. No. 557-10-08 Wmcv, 9/10/2012, Ex. A. Defendant's unsupported assertions, years after the foreclosure and sale, fail to satisfy the moving party's burden in a Rule 60(b) motion. Rule 60(b) does not provide an avenue to re-litigate any and all issues of jurisdiction and standing that should have been brought in the original action, and Defendant's claims fail to demonstrate that extraordinary circumstances warrant the Judgment of Foreclosure be set aside.

**WHEREFORE,** it is hereby **ORDERED** : Plaintiff's motion to vacate the foreclosure judgment is **DENIED.**

Electronically signed on July 22, 2015 at 12:34 PM pursuant to V.R.E.F. 7(d).

_____
John P. Wesley
Superior Court Judge

---

[3] Defendant also contends claims that because BOA failed to address the validity of the February 12, 2012 MERS assignment in its opposition, BOA has waived any challenge to Defendant's claim. The Court cannot help notice the irony in Defendant's claim of waiver when it was Defendant who failed to raise the issue over a period of several years, while also failing to perform under the terms of the Note and Mortgage. The Court rejects Defendant's waiver argument.

[4] As successor in interest to Countrywide and BAC Home Loans, BOA stood in the same position as Countrywide. Countrywide had established authority to foreclose, thus regardless of the validity of the Feb. 21, 2012 assignment, BOA had standing to proceed with the foreclosure sale.

<u>Notifications</u>:

Alexander D. Shriver (ERN 1115), Attorney for Defendant Kelli-Ann Young

Interested Person Donna Young

Neutral Mediator/Arbitrator/Evaluator John L. Marchica

Douglas J. Wolinsky (ERN 1548), Attorney for Substituted Plaintiff Bank of America, N.A.

Kevin M. Henry (ERN 2289), Attorney for party 5 Co-counsel